

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| THE COLLEGE NETWORK, INC.,<br>GARY L. EYLER, and CORY EYLER | )<br>)<br>) |
| Petitioners, | )<br>) |
| | ) Case No. _____ |
| v. | ) |
| | ) **1**): **1 4 -cv- 1 7 2 9 WTL -TAB** |
| REVA KELLY, | ) |
| | ) |
| Respondent | ) |

## PETITION TO COMPEL ARBITRATION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), Petitioners The College Network, Inc. ("TCN"), Gary L. Eyler ("Gary") and Cory Eyler ("Cory") (TCN, Gary and Cory, collectively, the "Petitioners") seek an order of this Court enforcing an arbitration agreement between TCN and the Respondent, Reva Kelly, that requires all disputes within the scope of that arbitration agreement be arbitrated in Marion County, State of Indiana (the "Arbitration Agreement"). In support of this Petition, the Petitioners, by counsel, respectfully state:

### The Parties

1.      TCN is a corporation formed and existing under the laws of the State of Indiana with its principal place of business located in the State of Indiana. TCN is a party to the Arbitration Agreement.

2.      Gary is an individual who resides in the State of Nevada. Gary is an employee, officer, and agent of TCN.

3.      Cory is an individual who resides in the State of Indiana. Cory is an employee, officer, and agent of TCN.

4.      Reva Kelly ("Ms. Kelly") is an individual who resides in the State of Ohio. Ms. Kelly is a party to the Arbitration Agreement. Despite entering into the Arbitration Agreement, Ms. Kelly has asserted non-compulsory third-party claims against each of the Petitioners in a state court action in the State of Ohio.

<b>The Underlying State Court Action</b>

5.      On March 19, 2014, Roth Recovery Associates, Inc., as plaintiff, commenced a civil action against Ms. Kelly in the Toledo Municipal Court in Lucas County, Ohio, under Case No. CVF-14-03758 (the "State Court Action").

6.      On August 4, 2014, Ms. Kelly, in the State Court Action, filed an Amended Answer which includes a "Class Action Counterclaim and Third Party Complaint" (collectively, the "Applicable Pleading"). The Petitioners are named as Third-Party Defendants in the Applicable Pleading, and an authentic copy of the Applicable Pleading without its Exhibits is attached hereto as **Exhibit A**.

7.      On Ms. Kelly's motion, the State Court Action has been transferred to the Court of Common Pleas of Lucas County, Ohio, under Case No. G-4801-CI-201404158-000. Copies of the dockets from the Toledo Municipal Court and the Lucas County Court of Common Pleas are collectively attached hereto as **Exhibit B**.

8.      The Applicable Pleading's "Class Action Counterclaim and Third Party Complaint" begins at Page 3 of the Applicable Pleading and purports to be "a class action" "on behalf of [Ms. Kelly] and six classes of other persons similarly situated". *Applicable Pleading,* p. 11, ¶ 32, p. 43, ¶ 183.

<u>**The Arbitration Agreement and its Class Action Waiver**</u>

9.     An authentic copy of Exhibit 25 to the Applicable Pleading is attached hereto and incorporated herein as **Exhibit C.**  The text of the Applicable Pleading without its Exhibits is attached to this Petition solely for the purposes of:  (a) providing this Court with the ability to assess the claims asserted by the Applicable Pleading for the purposes of determining its jurisdiction and ruling upon this Petition; (b) to support this Petition's allegation that Ms. Kelly is a resident of the State of Ohio; and (c) to identify counsel for Ms. Kelly in the State Court Action.  No admission is made with respect to the merit of any of the claims and allegations asserted by the Applicable Pleading.

10.    Except for any reduction in size, **Exhibit C** hereto is an authentic copy of the front and reverse sides of a document titled "Purchase Agreement" between Ms. Kelly and TCN which was signed by Ms. Kelly on October 18, 2009 (the "Agreement").

11.    The Agreement states in bold typeset immediately above the signature of Ms. Kelly:  "**I acknowledge that I have read, fully understand, and agree to the terms on both sides of this Agreement….**"

12.    The Agreement contains the Arbitration Agreement, which states as follows:

**GOVERNING LAW AND DISPUTE RESOLUTION**

Any and all disputes, claims, or controversies (Claims) arising from, out of, or relating to this Agreement, or the relationships between Buyer [Ms. Kelly] and TCN which result from this Agreement, or the breach, termination, enforcement, interpretation or validity thereof, shall be determined, confidentially, by binding arbitration in Marion County, Indiana, before one neutral arbitrator selected by TCN, and with the consent of Buyer (and no other person); provided, however, that either party may assert an action in small claims court.  Any arbitration or small claims action

3

(including any appeal if allowed) shall be conducted between Buyer and TCN only (and only in Buyer's individual capacity), and shall not resolve, seek to resolve, nor purport to resolve any disputes, claims or controversies of any person other than Buyer and TCN. This agreement to arbitrate shall not preclude either Buyer or TCN from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

This Agreement shall, notwithstanding any conflicts of laws, be governed by the laws of the Buyer's State of residence when executed by Buyer, and any applicable federal laws. However, Buyer and TCN agree and understand that their decision and agreement to arbitrate shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. The arbitration proceeding may be conducted telephonically or videographically. Any demand for arbitration must be served on the other party (and any small claims action must be filed) within one (1) year of the date any Claims accrue. TCN shall notify Buyer of the arbitrator selected (for Buyer's consent) within 30 days. The arbitrator will adhere to the terms of this arbitration agreement. If TCN and Buyer do not agree otherwise, the rules for the conduct of arbitration shall be determined by the arbitrator. Judgment may be entered in the award in any court having jurisdiction.

Buyer shall be required to advance no more than $250 for the arbitration filing fee and arbitrator's fee. However, the arbitrator may, in the award, allocate all or part of the costs of the arbitration, including fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.

13.     The Arbitration Agreement also includes a class action waiver. More particularly:

Any and all disputes, claims, or controversies (Claims) arising from, out of, or relating to the Agreement...shall be determined...by binding arbitration....Any arbitration...shall be conducted between Buyer [Ms. Kelly] and TCN only (and only in Buyer's individual capacity), and shall not resolve, seek to resolve, nor purport to resolve any disputes, claims or controversies of any person other than Buyer and TCN.

### This Court Has Jurisdiction to Hear and Decide this Petition

14.     The FAA includes the following:

> A written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract….

\* \* \*

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28,…for an order directing that such arbitration proceed in the matter provided for in such agreement….

*FAA, 9 U.S.C. §§ 2, 4* (emphasis added).

15.     There is complete diversity of citizenship between the Petitioners and Ms. Kelly.

16.     The monetary relief sought by the Applicable Pleading includes (but is not limited to) "requiring TCN and/or Third-Party Defendants [which includes each of the Petitioners] to restore to Ms. Kelly and the class all money received from them". *See Applicable Pleading, p. 68.* According to the Applicable Pleading, there are "six classes of other persons similarly situated" to Ms. Kelly, *see Applicable Pleading,* ¶ 183, one of those "classes" being susceptible to mathematical computations (the "Definable Class"), as follows:

> all Ohio Residents for the period March 19, 1999, to the present, who purchased test preparation products and/or services from TCN…where the purchase agreement contained a clause specifying that test fees (that were prepaid and therefore applicable to that clause) could be requested for the first taking of any specific college equivalency exam, and that any test

5

fees for attempts subsequent to the second [] could also be requested upon proof of payment for the prior specific college equivalency exam taken.

*Applicable Pleading,* ¶ 188 (emphasis added).   Attached hereto and incorporated herein as **Exhibit D** is the Affidavit of Mark Ivory (the "Ivory Affidavit"), who is TCN's Vice President of Corporate Development, which establishes that the numerosity of the Definable Class is more than 100 individuals who have in the aggregate paid to TCN an amount in excess of $5,000,000. *See Ivory Affidavit.*

17.     By the Applicable Pleading as applied mathematically to the Definable Class by the Ivory Affidavit, and save for the Arbitration Agreement, judgment in the State Court Action is sought against TCN in an amount in excess of $5,000,000. Accordingly, this Court has jurisdiction pursuant to the Class Act Fairness Act and more particularly 28 U.S.C. § 1332(d).

18.     Exclusive of interest and costs, and without aggregation, Ms. Kelly's individual claims against TCN (which include, in addition to "restoration" of all money paid by Ms. Kelly, statutory damages under state and federal statutes, punitive damages, and attorneys' fees, *see Applicable Pleading,* pp. 67-68) exceed the sum of $75,000.00. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a).

19.     The "Sixth Claim for Relief" contained within the Applicable Pleading contains a claim against TCN for one or more alleged violations of the Federal Truth in Lending Act (the "TILA").   The TILA is codified at 15 U.S.C. § 1601 *et seq.,* and provides a private right of action within 15 U.S.C. § 1640(a).   Accordingly, this Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

20.    Having agreed by the Arbitration Agreement to arbitrate any claims against TCN in Marion County, Indiana, Ms. Kelly has submitted herself to personal jurisdiction in this State.

21.    Because the Arbitration Agreement provides for arbitration in Marion County, Indiana, this District is the proper venue to hear and decide this Petition.  *See FAA, 9 U.S.C. § 4* ("The hearing and said proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed"); *Haber v. Biomet, Inc.,* 578 F.3d 553, 558 (7th Cir. 2009) ("When an arbitration clause in a contract includes a forum selection clause, 'only the district court in that forum can issue a § 4 order compelling arbitration'" (citation omitted)).

22.    Other than the Petitioners and Ms. Kelly, none of the parties to the State Court Action are "indispensible parties" for the resolution of this Petition.  As stated by the United States Court of Appeals for the Eighth Circuit, and citing Seventh Circuit authority:

> In the arbitration context, to our knowledge every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensible party under Rule 19 in a federal action to compel arbitration.  *See Brown v. Pac. Life Ins. Co.,* 462 F.3d 384, 393-4 (5th Cir. 2006); *Am. Gen. Life [& Acc. Ins. Co. v. Wood],* 429 F.3d [83] at 92-93 [(4th Cir. 2005)]; *PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 202-06 (6th Cir. 2001); *MS Dealer Service Corp. [v. Franklin],* 177 F.3d [942] at 946 [(11th Cir. 1999)]; *[Doctor's Assocs., Inc. v.]Distajo,* 66 F.3d [438] at 446 [(2nd Cir. 1995), cert. denied,* 517 U.S. 1120, 116 S.Ct. 1352, 134 L.Ed.2d 520 (1996)]; *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.,* 565 F.2d 450, 453 & n.3 (7th Cir. 1977).  We agree with these decisions.

*Northport Health Services of Arkansas, LLC v. Rutherford,* 695 F.3d 483, 491 (8th Cir. 2010).

23.     Any conditions precedent to the filing of this Petition have been fulfilled, excused, or waived.   In that regard, attached hereto and incorporated as **Exhibit E** to this Petition is an authentic copy of a demand for arbitration provided to counsel for Ms. Kelly in the State Court Action on behalf of all Petitioners; that demand has been rejected by **Exhibit F** hereto, which is incorporated solely to demonstrate the fact of rejection.

### The Arbitration Agreement Applies to All Claims and All Petitioners and is Valid and Enforceable

24.     Because Ohio is Ms. Kelly's state of residence, the Arbitration Agreement is governed by the laws of the State of Ohio and applicable federal law.   *See Arbitration Agreement.*   All claims which the Applicable Pleading purports to assert against TCN are within the scope of the Arbitration Agreement.   Furthermore, and with respect to Gary and Cory, the Applicable Pleading states:

- "Gary…is the CEO of TCN".   *Applicable Pleading,* p. 10, ¶ 27; and

- "Cory…is the Chief Officer of Marketing and Technology at TCN".   *Id.,* p. 10, ¶ 28.

Both Gary and Cory are agents, employees and officers of TCN and invoke the protections of the Arbitration Agreement; the word "TCN" whenever used within the Arbitration Agreement includes Gary and Cory.   *See, e.g., Terry v. Bishop Homes of Copley, Inc.,* Ohio App., 2003 WL 1524491, *6 (2003)[1] ("'[an employee], whose actions as an agent and employee of [the employer] served as a basis for his potential liability, is entitled to enforce the arbitration agreement despite the absence of privity'" (citation omitted)); *Covington v. Aban Offshore Ltd.,* 650 F.3d 556, 560 (5th Cir. 2011), *quoting*

---

[1] Pursuant to the Ohio Supreme Court Rules for the Reporting of Opinions, "all opinions of the courts of appeals after May 1, 2002, may be cited as legal authority and weighted as deemed appropriate by the courts without regard to whether the opinion was published or in what form it was published." *Ohio Rep.Op.R. 3.4.*

*Roe v. Ladyman*, Tex. App., 318 S.W.3d 502, 520 (2010) ("'a signatory plaintiff cannot avoid its agreement to arbitrate disputes simply by bringing…claims against the [nonsignatory] officers, agents, or affiliates of the other signatory to the contract.'"); *Scher v. Bear Stearns & Co.,* 723 F. Supp. 211, 216 (S.D.N.Y. 1989) ("If this Court were to allow plaintiff to avoid arbitration of his claims arising out of the customer agreement, simply by naming individual agents of the institutional party as defendants, it would in effect ignore both the particular arbitration clause and the explicit federal policy in favor of arbitration").

25.     The Arbitration Agreement is valid and enforceable.  In that regard, and by way of illustration and not limitation:

(a)     Ms. Kelly has attached the Agreement as part of the Applicable Pleading, thereby admitting its execution; and

(b)     By signing the Agreement, and as demonstrated by Paragraph 11 of this Petition, Ms. Kelly represented to TCN that she had read and understood the Arbitration Agreement; and

(c)     All products and services offered for sale by TCN are to be used  by customers to study for end of course college equivalency examination(s), and all customers of TCN, including Ms. Kelly, are at least high school graduates possessing the ability to read and understand the Agreement, including the Arbitration Agreement; and

(d)     "The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1748, 179 L.Ed.2d 742 (2011) (citations omitted). The FAA embodies "'a liberal federal policy favoring arbitration'" and the "'fundamental principle that arbitration is a matter of contract.'" *Id.*, 131 S.Ct. at 1745 (citations omitted).

### Notice of this Petition is Being Duly Provided

26.     The FAA (9 U.S.C. § 4) includes the following:  "Five days notice in writing of the application [this Petition] shall be served upon the party in default."

9

Attached as **Exhibit G** to this Petition is the form of Notice of Petition to Compel Arbitration which will be completed and sent with its referenced attachments on even date herewith by certified mail, return receipt requested (the "Notice").   The persons to be provided with the Notice are Ms. Kelly directly[2] and counsel for Ms. Kelly in the State Court Action.

**Request for Relief**

WHEREFORE, by this Petition, the Petitioners, by counsel, respectfully petition this Court for an order (a) enforcing the Arbitration Agreement, including its class action waiver, in favor of each of the Petitioners, (b) compelling Ms. Kelly to proceed to arbitration as to each of the Petitioners pursuant to the terms of the Arbitration Agreement, and (c) staying the State Court Action as to each of the Petitioners.

Respectfully submitted,

DONINGER TUOHY & BAILEY LLP

By: _____
Thomas A. Brodnik (14508-49)

By: _____
Richard B. Kaufman (5506-49)

50 South Meridian Street, Suite 700
Indianapolis, Indiana  46204-3542
317-638-2400
Fax:  317-633-6618
E-Mails:  tbrodnik@dtblegal.com
           rkaufman@dtblegal.com

-and-

---

[2] The address for Ms. Kelly as used in the Notice has been taken from the docket in the State Court Action.

TAFT STETTINIUS & HOLLISTER LLP

By: _____
      Richard A. Kempf (11597-49)

One Indiana Square, Suite 3500
Indianapolis, IN  46204
317-713-3500
Fax:  317-713-3688
E-Mail:  rkempf@taftlaw.com

*Attorneys for The College Network, Inc.,*
*Gary L. Eyler, and Cory Eyler*

### CERTIFICATE OF SERVICE

      I hereby certify that a copy of this Petition to Compel Arbitration with its Exhibits is being served on the following on this 22nd day of October, 2014, by United States certified mail, return receipt requested, postage prepaid:

           Ms. Reva Kelly
           621 Ogden Avenue
           Toledo, Ohio 43609-2941

           Ronald Frederick, Esq.
           Michael L. Berier, Esq.
           RONALD FREDERICK & ASSOCIATES CO., L.P.A.
           1370 Ontario Street, Ste. 1240
           Cleveland, Ohio  44113-1971

           Gregory S. Reichenbach, Esq.
           P.O. Box 256
           Bluffton, Ohio  45817

               _____
               Richard B. Kaufman

G19/F19532rk